FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 28 2023

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
AT LITTLE ROCK

| | |
|---|---|
| KENT MCCOY, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MILLENNIA TAX RELIEF, LLC, ROBERT KIM, CALEN MEZA, and JOHN DOES 1-10, <br><br> Defendants. | Case No. 4:23-CV-898-LPR <br><br> CLASS ACTION <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ*. (TELEPHONE CONSUMER PROTECTION ACT)**

Plaintiff Kent McCoy, individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of counsel, and on information and belief as follows:

**NATURE OF ACTION**

1.      This case involves the contacting of individuals through the use of prerecorded messages and automated calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and the Federal Communication Commission ("FCC" or "Commission") rules promulgated thereunder, 47 C.F.R. § 64.1200 (hereinafter referred to as the "TCPA") on behalf of Millennia Tax Relief, LLC ("Millennia"), and its principals Robert Kim ("Kim"), Calen Meza ("Meza"), and other persons and/or entities whose identities are presently unknown to Plaintiffs ("John Does 1-10"). Collectively, Millennia, Kim, Meza, and John Does 1-10 are referred to as "Defendants."

This case assigned to District Judge Rudofsky
and to Magistrate Judge Ray

1

2.  Defendants have violated the TCPA by making calls to Plaintiff and Class Members using an "automatic telephone dialing system" and an "artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1), without Plaintiff's and Class Members' prior express consent within the meaning of the TCPA.

3.  Defendants have also violated the TCPA by making calls to Plaintiff and Class Members at phone numbers which are on the National Do Not Call Registry, and in failing to maintain adequate procedures to refrain from violating the TCPA in their telemarketing efforts.

4.  Plaintiff brings this action for injunctive relief and statutory damages, all arising from the illegal activities of Defendants.

## JURISDICTION AND VENUE

5.  This matter in controversy exceeds $5,000,000, as each member of the proposed Class of thousands is entitled to up to $3,000.00 in statutory damages for each call that violated the TCPA, since the calls at issue violated the TCPA in two ways. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Further, Plaintiffs allege a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

6.  This Court also has subject matter jurisdiction over this case based on: (1) diversity of citizenship under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the citizenship of the parties is diverse; and (2) federal question jurisdiction per 28 U.S.C. § 1331 over Plaintiff's TCPA claims, which arise under federal law.

7.  This Court has specific personal jurisdiction over Defendants because Defendants targeted consumers with advertising robocalls in Arkansas and this District, including to

Plaintiff, who resides in Pope County, Arkansas. Defendants' robocall marketing directed to residents of Arkansas is the subject of this dispute from which this lawsuit arises.

8.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial amount of the conduct and events giving rise to this case, the transmission of unsolicited robocall advertisements directed to and received by residents of Arkansas including those sent to Plaintiff, occurred in this District, and Plaintiff resides in this District.

## PARTIES

9.  Plaintiff Kent McCoy is, and at all times mentioned herein was, an individual citizen of the State of Arkansas and resident of Russellville, Pope County, Arkansas.

10. Defendant Millennia is a limited liability company registered in the State of California, with a registered address of 15000 Nelson Avenue, East #200, City of Industry, California 91744. Millennia's registered agent of process is Robert Kim at 15000 Nelson Avenue, Suite E #200, City of Industry, California 91744.

11. Defendant Robert Kim is a natural person, who is listed as manager and registered agent for Millennia at 15000 Nelson Avenue, East #200, City of Industry, California 91744, and whose residential address is 509 Tribella Court, Santa Ana, California 92703. In his role as a principal, owner, director, officer, or managing agent of Millennia, Kim had direct, personal participation in or personally authorized the creation, publication, and broadcasting of the robocalls received by Plaintiff and the Class Members in violation of the TCPA.

12. Defendant Calen Meza is a natural person whose residential address is 4524 Richard Drive, Los Angeles, California 90032. In his role as a principal, owner, director, officer, or managing agent of Millennia, Meza had direct, personal participation in or personally

authorized the creation, publication, and broadcasting of the robocalls received by Plaintiff and the Class Members in violation of the TCPA.

13. Defendants John Does 1-10 are individuals and entities whose identities are presently unknown to Plaintiff and will be revealed in discovery, and who placed the calls at issue in this action or who directed the placement of the calls at issue in this action by actual or apparent agents as their principals or ratified their agents' acts.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

14. In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

15. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."[2]

16. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).

wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

17.   In 2003, the FCC affirmed that it is unlawful "to make any call using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number."[4]

18.   On January 4, 2008, the FCC released a Declaratory Ruling wherein it "reiterate[d] that the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party."[5]

19.   A single call using both a prerecorded voice and an autodialer constitutes two violations of the TCPA, even if both violations arose from the same call. *See Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101 (11th Cir. 2015).

20.   The TCPA and the Regulations impose liability on a person or entity where calls are made on its behalf.  The FCC has found that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations.  Indeed, vicarious liability is a critical feature of the TCPA, which does not permit a party to avoid liability by placing it on its expressly, impliedly, or apparently authorized agents. *See, e.g., Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Mem. And Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995); *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 674-75 (2016).

---

[3] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *Id.*, ¶ 165. *See* 47 U.S.C. § 227(b)(1), which contains exceptions for calls made for emergency purposes or made with the prior express consent of the called party.
[5] In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, ¶ 11, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

## FACTUAL ALLEGATIONS

21. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

22. On or around April 18, 2023, Plaintiff received two autodialed and pre-recorded calls to his cellular telephone from two different individuals named "Jerry" and "Dan" at phone numbers he did not recognize, each of which left similar pre-recorded messages regarding filing for business tax credits and asking him to contact them at 818-237-4185. For example:



23. The voice tone and background noise on both calls sounded prerecorded, as opposed to a live voice.

24. Plaintiff registered his cell phone number on the National Do Not Call Registry on or around November 8, 2006.

25. Plaintiff's undersigned counsel has confirmed the number 818-237-4185 is associated with Millennia as it connects you directly with individuals representing themselves as working for and/or on behalf of Millennia.

26. Defendants are, and at all times mentioned herein were, "persons," as defined by 47 U.S.C. § 153(39).

27. Millennia on its website www.millenniataxrelief.com holds itself out as a "a Tax Firm of expert Tax Lawyers, Enrolled Agents, CPAs, and Advisors," which "specialize[s] in the area of tax preparation, filing back taxes and tax resolution."

28. Upon information and belief, Defendants paid for, authorized, and directed the unwanted robocalls to Plaintiff and members of the proposed class for the purpose of advertising the ERC-related services offered by themselves.

29. Plaintiff further alleges on information and belief that in each instance Defendants had actual notice of participation, or a high degree of involvement, in a plan to create and broadcast pre-recorded robocalls to the cellular telephones of Plaintiff and the Class Members (by, for example, knowing the that the pre-recorded robocalls were advertisements or participating in preparing their content, providing or obtaining the telephone number of Plaintiff or other recipients, and knowing that Plaintiff and/or other recipients had not given consent to receive the robocalls). For example, upon information and belief, Defendants Kim and Meza, in their roles as principals at Millennia, monitored the activities of their salespersons in their call

7

centers making the robocalls via autodialer, and would notify the salespersons to push them to make more calls.

30. Other individuals and/or entities whose names are not known to Plaintiff but will be revealed in discovery are also funding and directing the illegal robocall campaign described above, or placing the illegal calls described herein as agents of one or more Defendants. Courts "have routinely found that parties are permitted to conduct discovery to discover the identities of John Doe defendants." *Martin v. Glob. Mktg. Research Servs., Inc.*, No. 614CV1290ORL31KRS, 2015 WL 6083537, at *6 (M.D. Fla. Oct. 15, 2015) (TCPA case).

31. In receiving unwanted and unsolicited pre-recorded calls on his cellular telephone, Plaintiff suffered concrete harm in the form of lost time spent fielding the unwanted calls, loss of use of his cellular telephone as the calls came in, loss of capacity of the voice mailbox invasion of his privacy, and intrusion upon his seclusion time with his family. Plaintiff also found the Defendant's calls annoying and harassing.

32. All telephone contact made by or at the direction of Defendants to the cellular telephones of Plaintiff and the Class occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

33. The telephone numbers on which Defendants used to contact Plaintiff and the Class via an "artificial or prerecorded voice" made by an "automatic telephone dialing system" were assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

34. Plaintiff did not provide his "prior express consent" allowing Defendants to place telephone calls to Plaintiffs' cellular phone utilizing an "artificial or prerecorded voice" and

placed by an "automatic dialing system" within the meaning of 47 U.S.C. § 227(b)(1)(A). In fact, Plaintiff never had any dealings with Defendants before receiving the call.

35. Telephone calls made to the cellular phones of Plaintiff and the Class by Defendants were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

36. Telephone calls to the cellular phones of Plaintiff and the Class made by Defendants utilized an "artificial or prerecorded voice" and an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

37. The robocall received by Plaintiff and other Class Members also violated the TCPA in that it failed to clearly identify the business, individual or other entity initiating the call at the beginning of the message.

38. Defendants bear the burden of demonstrating that they placed the calls with Plaintiffs' prior express consent. *See, e.g., Toney v. Quality Res., Inc.*, 2014 WL 6757978, at *3 (N.D. Ill. Dec. 1, 2014).

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action on behalf of himself and behalf of all other persons similarly situated (hereinafter referred to as "the Class").

40. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All individuals who, in the four (4) years preceding the filing date of this Complaint, received one or more pre-recorded calls to their cellular telephones using the term "business tax credits" and the phrase "call 818-237-4185 now."

Plaintiff represents, and is a member of, the Class. Excluded from the Class are Defendants and any entities in which a Defendant has a controlling interest, Defendants' agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, Plaintiff's counsel, and any claims for personal injury, wrongful death and/or emotional distress.

41. Plaintiff does not know the exact number of members in the Class, but on information and belief, the number of Class members at minimum is in the thousands.

42. Plaintiff and all members of the Class have been harmed by Defendants' acts, including, but not limited to, the invasion of their privacy, annoyance, waste of time, depletion of their cellular phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

43. This Class Action Complaint seeks injunctive relief and money damages.

44. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of claims in a class action will provide substantial benefit to the parties and the judicial economy of the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendants and/or any vendors who placed the illegal calls on their behalf.

45. There are well defined, nearly identical, questions of law and fact affecting all Class members. The questions of law and fact involving the Class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

       a.     Whether non-emergency calls made to Plaintiff and Class members' cellular telephones used an automatic telephone dialing system and/or an artificial or prerecorded voice;

       b.     Whether such calls were made by or at the direction of one or more of the Defendants;

       c.     Whether Defendants can meet their burden of showing they obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated) to make such calls;

       d.     Whether Defendants' conduct was knowing and/or willful;

       e.     Whether Defendants are liable for damages, and the amount of such damages; and

       f.     Whether Defendants should be enjoined from engaging in such conduct in the future.

46.    As persons who received telephone calls using an automatic telephone dialing system and an artificial or prerecorded voice, without their prior express consent within the meaning of the TCPA and Rules, Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

47.    Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

48.    A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendants to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for the violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and

prerecorded the Class members did not provide prior express consent required under the statute to authorize such calls to their cellular telephones.

49. Defendants have acted on grounds applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.

50. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

51. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

52. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

53. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

### STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

54. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

55. The foregoing acts and omissions of Defendants constitutes numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq*.

56. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

57. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendants' violation of the TCPA in the future.

## THIRD COUNT

### CIVIL CONSPIRACY TO VIOLATE THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

58. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

59. Defendants agreed among themselves to violate the TCPA and injure Plaintiff and Class members by conducting an illegal robocalling campaign meant to advertise their ERC-related business services.

60. Defendants created websites for themselves and their alias companies, directed and approved a recorded message to be played to unsuspecting call recipients, supervised the

calls, and paid for these services, achieving the outcome of generating awareness of their business offerings.

62. Defendants met in person and/or communicated by phone and email to achieve the objectives of the conspiracy.

62. Plaintiff and Class members were injured by the conspiracy in the form of the annoyance, burden, time, and expense of dealing with the unwanted, illegal robocalls.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendants:

A. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

B. As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every violation of the TCPA;

C. As a result of Defendants' violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every violation of the TCPA;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class (and any Subclasses the Court deems appropriate), finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

F. A trial by jury on all counts so triable; and

G.  Such other relief as the Court deems just and proper.

Date: September 27, 2023

Respectfully submitted,

_____
Joe P. Leniski, Jr.
ABA #2022269
HERZFELD, SUETHOLZ, GASTEL,
LENISKI, and WALL PLLC
The Freedom Center
223 Rosa Parks Avenue, Suite 300
Nashville, Tennessee 37203
Telephone: (615) 800-6225
Email: joey@hsglawgroup.com

James A. Streett,
ABA #2007092
STREETT LAW FIRM
107 West Main
Russellville, AR 72801
Telephone: 479-968-2030
Facsimile: 479-968-6253
Email: james@streettlaw.com

*Attorneys for Representative Plaintiff Kent McCoy and the Proposed Class*