IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **KENT MCCOY, on behalf of himself and all others similarly situated,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **MILLENNIA TAX RELIEF, LLC,** <br><br> **Defendant.** | Case No. 4:23-cv-898-LPR <br><br> **CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

**ORDER GRANTING PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION, APPOINTMENT OF CLASS
REPRESENTATIVE, AND APPOINTMENT OF CLASS COUNSEL**

In this class action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. section 227, Plaintiff Kent McCoy ("Representative Plaintiff" or "McCoy") has moved for certification of a Class of natural persons to whom Defendant Millennia Tax Relief, LLC ("Defendant" or "Millennia Tax") sent pre-recorded robocalls which are alleged to have violated the TCPA. Specifically, Defendant is alleged to have violated the TCPA by making calls to the cellular telephones of Representative Plaintiff and Class Members using an "automatic telephone dialing system" and an "artificial or prerecorded voice" as described in 47 U.S.C. section 227(b)(1), without receiving prior express consent within the meaning of the TCPA. Defendant has not responded to the Class Certification Motion. That is "an adequate basis, without more, for granting . . . [the] motion."[1] Defendant has also failed to respond to Requests for Admissions and has therefore admitted the substance of those requests under Federal Rule of Civil Procedure 36(a)(3).

---

[1] Local Rule 7.2(f).

1

In light of Defendant's failure to respond, and having considered all of the submissions and arguments with respect to Plaintiff's Motion, including Defendant's "admissions," the Court concludes as follows:

### I. CLASS DEFINITION

1. Pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), the Court certifies the following Class:

> **All individuals who, since September 23, 2019, received one or more pre-recorded calls to their cellular telephones using the term "business tax credits" and the phrase "call 818-237-4185 now."**

Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, Plaintiff's counsel, and any claims for personal injury, wrongful death and/or emotional distress.

2. Pursuant to Federal Rule of Civil Procedure 23(c)(1)(B), the Court hereby certifies Class claims against Millennia Tax for (allegedly) violating the TCPA, 47 U.S.C. section 227(b)(1), for sending pre-recorded robocalls without having prior express consent.

### II. CONCLUSIONS OF LAW

3. In so holding, the Court finds that the prerequisites of Rule 23(a) have been satisfied by a preponderance of the evidence.

4. The Court finds, by a preponderance of the evidence, that the Class is sufficiently numerous. Rule 23(a)(1) requires that the Class be "so numerous that joinder of all members is impracticable." In general, "class numbers in the 40-or-more range should have a reasonable chance of success" in meeting numerosity,[2] although the Eighth Circuit has approved a class of

---

[2] *Riedel v. XTO Energy, Inc.*, 257 F.R.D. 494, 508 (E.D. Ark. 2009).

as low as 20 members.[3]   Defendant Millennia Tax admitted to sending the prerecorded marketing messages to at least 50,000 cellular telephone numbers.[4]

    5.    Rule 23(a)(2) requires that "there are questions of law and fact common to the class."  In this case, important factual and legal questions include:

    (a) Whether Millennia Tax owns or operates the phone number 818-237-4185;

    (b) Whether Millennia Tax caused the pre-recorded messages to be sent to the cellular telephones of Representative Plaintiff and other class members;

    (c) Whether (and, if so, how) Millennia Tax obtained prior permission or consent before it transmitted the pre-recorded marketing calls;

    (d) Whether Millennia Tax obtained the cellular telephone numbers of Representative Plaintiff and other class members for the purpose of sending prerecorded messages that market its products and/or services;

    (e) Whether Millennia Tax made phone calls to Plaintiff and other class members whose phone numbers are on the National Do Not Call Registry;

    (f) Whether Representative Plaintiff and the Class are entitled to equitable and/or injunctive relief.[5]

The Court finds, by a preponderance of the evidence, that at least one, likely most, and maybe all of the foregoing issues (and potential defenses) are questions of law or fact common to the Class that satisfy Rule 23(a)(2).

---

[3] *See Ark. Educ. Ass'n v. Bd. of Educ. of Portland, Ark. Sch. Dist.*, 446 F.2d 763, 765–66 (8th Cir. 1971).
[4] RFA ¶ 19.
[5] *See* RFA ¶ 30.

6. The Court also finds, by a preponderance of the evidence, that the claims or defenses of the Representative Plaintiff are typical of the claims or defenses of the Class and thus satisfy Rule 23(a)(3).[6]

7. Representative Plaintiff Kent McCoy, the named Plaintiff herein, is hereby appointed representative of the Class for the following reasons:

    a. Plaintiff alleges on behalf of the proposed Class the very same (or substantially similar) manner of injury from the very same (or substantially similar) course of conduct that he complained of for himself, and Plaintiff asserts on his own behalf the same legal theory that he asserts for the Class. The Court therefore finds, by a preponderance of the evidence, that the claims of the Representative Plaintiff are typical of the claims of the Class within the meaning of Rule 23(a)(3);[7] and

    b. The Court finds, by a preponderance of the evidence, that the Representative Plaintiff will fairly and adequately protect the interests of the Class, in compliance with Rule 23(a)(4). The Representative Plaintiff's interests do not conflict with the interests of absent members of the Class. All of the Class members share a common interest in proving that the Defendant's conduct violated the TCPA, and all Class members share a common interest in any recovery that may be appropriate thereunder.[8]

8. Pursuant to Rules 23(c)(1)(B) and 23(g), the Court hereby appoints Joe P. Leniski, Jr. of Herzfeld, Suetholz, Gastel, Leniski and Wall PLLC, and James Streett of the Streett Law Firm, P.A. as Co-Lead Counsel for the Class. The Court makes this appointment having considered the work counsel has done in identifying or investigating the potential claims

---

[6] *See id.*

[7] *See id.*

[8] *See* RFAs ¶¶ 30, 33.

in this action, counsel's experience in handling class actions, other complex litigation and claims of the type asserted in this action, counsel's knowledge of the applicable law, and the resources counsel have committed to representing the Class.[9]

9. Pursuant to Rule 23(b)(2), the Court finds, by a preponderance of the evidence, that Defendant has (allegedly) acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is (potentially) appropriate respecting the class as a whole.[10]

10. Pursuant to Rule 23(b)(3), the Court finds, by a preponderance of the evidence, that common issues predominate over individual issues, and that a class action is superior to other alternative methods of adjudicating this dispute, considering: (a) the class members lack a compelling interest in individually controlling the prosecution of separate actions; (b) the absence of any litigation concerning the controversy that has already begun by or against potential class members; (c) the desirability of concentrating the litigation of the claims in this forum; and (d) the relative lack of difficulty in managing this litigation as a class action.[11]

11. The Representative Plaintiff shall file a proposed notice and notice program within 30 days of the date of this Order.

IT IS SO ORDERED this 26th day of November 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[9] *See id.*

[10] *See* RFA ¶ 31.

[11] *See* RFA ¶ 32.